T.C. Memo. 2003-293

UNITED STATES TAX COURT

ERNEST L. COLLINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11532-02L.                  Filed October 21, 2003.

Ernest L. Collins, pro se.

<u>Caroline R. Krivacka</u>, for respondent.


MEMORANDUM OPINION

HOLMES, <u>Judge</u>:  Ernest L. Collins, a resident of Tennessee
when he filed his petition, claims to believe that there is no
law requiring him to pay income tax.  He has certainly declined
to file returns for much of the last decade.  This attracted
respondent's attention, and led to this litigation over
respondent's authority to levy against petitioner's property.

Today, we determine that respondent did not abuse his discretion in deciding to proceed with collection of petitioner's unpaid tax liabilities, and will grant his motion for summary judgment.

## Background

In 1998, respondent issued notices of deficiency for petitioner's 1992-94 tax years. Petitioner did not pay, and he challenged the determined deficiencies in this Court. As trial approached, petitioner stipulated to a decision conceding the full amounts shown, and we entered decision on October 26, 2000.

On February 26, 2001, respondent mailed notices of assessment and statements of the balance due for each of the 3 years at issue. Petitioner again chose not to pay and in May 2001 was sent notices of intent to levy. By August of that year he still had not paid and so was sent the standard notice telling him that he was entitled to a hearing. Petitioner asked for one, and it was finally held in June 2002.

In his request for a hearing, petitioner put the IRS on notice of his view that its tax collection procedures violated the Fourth and Fifth Amendments but focused his objection on what he called the absence of a valid assessment and demand for payment. He also stated that he could not pay the taxes even if they had been validly assessed and demanded.

At the hearing, the Appeals officer reviewed the Form 4340 --the Certificate of Assessments, Payments, and Other Specified

Matters--for each year and determined that the IRS had mailed valid assessment and demand notices. She also looked at collection alternatives, but her review of IRS records showed that petitioner had not filed an income tax return since at least 1994. Thus, following 2 Administration, Internal Revenue Manual (CCH), sec. 5.8.3.2, at 16,281, she did not pursue any collection alternatives.

After the hearing, the IRS sent petitioner a notice of determination that it would proceed with collection; petitioner then petitioned for review.

### Discussion

In his petition, petitioner made barebones assertions that the IRS had failed to offer him a fair and impartial hearing, failed to provide a fair and impartial officer, and failed to follow its own procedures. He also renewed his objection to the adequacy of the notices of assessment and demands for payment that respondent had sent him.

Respondent denied these allegations and now moves for summary judgment.

Because this Court has already decided the question of petitioner's tax liability in its 2000 decision, that liability is no longer at issue, and we will review respondent's determination for abuse of discretion. See Davis v. Commissioner, 115 T.C. 35, 39 (2000).

Summary judgment is appropriate where "there is no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law."  Rule 121(b), <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).[1]  Respondent's summary judgment motion was originally unaccompanied by certified copies of the Forms 4340 that the Appeals officer referred to during petitioner's hearing and on which she relied in making her determination.  However, in a supplemental filing respondent rectified this omission.  Petitioner, in his response, also attached copies of the February 26, 2001, letters that he received.  Respondent represented at a hearing on this motion that he does not object to their consideration.  The evidence before respondent is now before the Court.[2]

In opposing the motion, petitioner does not contest respondent's proof that both the hearing and the officer who ran it were impartial; nor does he contest that the IRS followed its

---

[1]  References to "Rules" are to the Tax Court Rules of Practice and Procedure.

[2]  We note that the Chief Counsel has taken the position that the Administrative Procedure Act's provision for judicial review of informal adjudication, 5 U.S.C. sec. 706(2)(A)-(D) (2000) should apply.  Office of Chief Counsel Notice CC-2003-016, at 29 (May 29, 2003). We have not ourselves taken a position on the merits of that assertion, but that type of review would likely be easier if a uniform procedure were in place, whenever the Commissioner moves for summary judgment, to put before a reviewing court the record (or at least the parts of it on which either party relies).  See <u>James Madison Ltd. ex rel. Hecht v. Ludwig</u>, 82 F.3d 1085, 1095 (D.C. Cir. 1996).

own procedures.  These issues are consequently waived.[3]  "When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading".  Rule 121(d).

Petitioner's main argument in opposing summary judgment is that, as a matter of law, the February 26, 2001, statements of balance due--statements that he concededly received since he attached copies to his opposition--are not an adequate "notice and demand" under Internal Revenue Code section 6331(a) because they use the word "please" rather than "demand" or one of its synonyms.

He cites a passage from an unpublished decision, <u>Toussiant v. Dept. of the Treasury</u>, No. 91-3150 (D.N.J. Aug. 2, 1991), 1991 U.S. Dist. LEXIS 11275 to support his assertion.  In <u>Toussiant</u>, the court wrote that a statement of balance due is not an adequate "demand".  Such a statement

> At most * * * notifies * * * [a taxpayer] of the amount due and requests that he 'please' make payment in a certain manner.  While the Court certainly does not criticize the IRS for endeavoring to be polite to a

---

[3] Petitioner does object to our consideration of some of the excerpts from the administrative file, on the ground that the declaration identifying them was not made by one with personal knowledge of what occurred during the hearing.  However, the declaration identifying them was made by an IRS attorney competent to identify them as IRS records, and so they are presumptively admissible under Fed. R. Evid. 803(8).

taxpayer, nevertheless, this "notice" does not satisfy the requirements of § 6303(a) * * *.[4]

If only to ensure that computer-assisted legal research databases place a "negative treatment indicated" flag on this excerpt, we stress again that this Court rejects the notion that magic words are required to make a sufficient "demand" on a taxpayer who owes taxes. We have repeatedly held that the Code's requirement of "notice and demand" in such sections as 6303(a) and 6331(a) is met when the Commissioner informs a taxpayer "of the amount owed and [requests] payment." See, e.g., Koenig v. Commissioner, T.C. Memo. 2003-40; Schaper v. Commissioner, T.C. Memo. 2002-203; Weishan v. Commissioner, T.C. Memo. 2002-88. We have also specifically held that notices of balance due-- precisely the sort of notices respondent sent to petitioner-- "[constitute] a notice and demand for payment under section 6303(a)." Craig v. Commissioner, 119 T.C. 252, 262-263 (2002); Koenig v. Commissioner, supra.

Respondent's decision to proceed with collection was no abuse of discretion. There being no other issues to be decided,

---

[4] As petitioner is careful to point out, this was dictum-- the court in Toussiant found an adequate "demand" in other timely notices that the IRS had sent to the taxpayer. Toussiant v. Dept. of the Treasury, No. 91-3150, slip op. at 8-9 (D.N.J. Aug. 2, 1991).

An order and decision granting respondent's motion will be entered.