T.C. Memo. 2004-288

UNITED STATES TAX COURT

LIONEL D. KOLKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5724-04L.                     Filed December 29, 2004.

Lionel D. Kolker, pro se.

<u>Karen Nicholson Sommers</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment, filed pursuant to Rule
121,[1] and to impose a penalty under section 6673.

---

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code.

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be drawn in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

## Background

This is an appeal from respondent's determination upholding the proposed use of a levy to collect petitioner's unpaid Federal income tax liability for 1993 (the 1993 liability). When the petition in this case was filed, petitioner resided in San Diego, California.

Petitioner and Cheryl Kolker filed a joint Federal income tax return for 1993 showing a balance due.  Respondent assessed the income tax liability shown on the return as well as interest and penalties/additions to tax.

Respondent sent petitioner a notice and demand for payment, but petitioner did not pay the 1993 liability.  Consequently, respondent mailed to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, dated September 11, 2000, that, among other things, informed petitioner that respondent intended to levy to collect the 1993 liability and that petitioner could request a hearing with respondent's Appeals Office.  On September 19, 2000, petitioner submitted a Form 12153, Request for a Collection Due Process Hearing (hearing request), but respondent has no record of having received it.

On May 21, 2003, petitioner sent respondent a copy of the hearing request.  Because respondent had no record of having received the original request, respondent treated the May 21, 2003, correspondence as an equivalent hearing request.

Petitioner's equivalent hearing request was assigned to Settlement Officer Cynthia Chadwell (Ms. Chadwell).  Ms. Chadwell had had no prior involvement with respect to petitioner's 1993 liability.  By letter dated November 13, 2003, Ms. Chadwell scheduled a telephone hearing for December 4, 2003, and advised petitioner, among other things, as follows:

(1) The Appeals Office would not offer a face-to-face hearing if the only issues that petitioner wanted to address were frivolous or groundless;

(2) the hearing request was not received within the 30-day period provided in section 6330(a)(3)(B), but petitioner could raise the issue of the timeliness of his request at the hearing;

(3) petitioner should complete and submit Form 433-A, Collection Information Statement for Individuals, with the documents required by the form; and

(4) petitioner should provide proof that he filed his 2001 and 2002 Federal income tax returns.

Petitioner responded to the November 13, 2003, letter by letter dated November 20, 2003. In that letter, petitioner requested a face-to-face hearing and stated that he had post office receipts to prove that he had timely requested a hearing under section 6330. By letter dated January 6, 2004, Ms. Chadwell scheduled a face-to-face hearing for January 21, 2004. The hearing date was subsequently changed to February 23, 2004, at petitioner's request.

Petitioner's hearing under section 6330 was held on February 23, 2004. The hearing was audiotaped and transcribed. At the hearing, Ms. Chadwell reminded petitioner of her prior requests for information, including a completed Form 433-A, and of her admonition that she would not consider frivolous or groundless

arguments. Petitioner stated that he had not completed Form 433-A but that he was interested in resolving the collection issue. Although petitioner produced documentation to show that he had timely requested a hearing pursuant to section 6330, petitioner raised no other relevant issue and presented no evidence to prove either that he did not owe the 1993 liability, that the 1993 liability had been paid, or that a collection alternative was appropriate. Instead, petitioner and a "friend" whom he had brought to the hearing pressed Ms. Chadwell to discuss whether petitioner had an "obligation" to file a return and pay tax. When petitioner and his friend refused to discuss collection alternatives, Ms. Chadwell terminated the hearing.

Respondent subsequently issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated March 3, 2004, which sustained the proposed levy action. In the notice of determination, respondent concluded that petitioner had not raised any valid issue regarding the merits of the underlying tax liability or the appropriateness of the proposed levy action and determined that all of the requirements imposed by section 6330 for a valid levy had been satisfied. In the notice of determination, respondent concluded that the proposed levy balanced the need for the efficient collection of tax with the concern that the collection action be no more intrusive than necessary, warned petitioner that this Court was

authorized to impose "monetary sanctions of up to $25,000 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless", and stated that petitioner's positions in this case had no merit and were groundless.

Petitioner submitted a timely petition appealing respondent's determination, which we filed on April 1, 2004. In an addendum attached to the petition, petitioner asserted, inter alia, that the Internal Revenue Service (IRS) had not established that he was a taxpayer, that the hearing was a sham, that Ms. Chadwell was biased, and that the law did not create the alleged obligation.

On October 6, 2004, we received and filed respondent's summary judgment motion. By order dated October 6, 2004, we ordered petitioner to file a response to respondent's motion on or before October 27, 2004. Petitioner did not do so.[2] On November 3, 2004, we received and filed petitioner's motion to strike respondent's motion for summary judgment, which we denied on November 4, 2004.

---

[2]Petitioner submitted a response to respondent's motion on Dec. 1, 2004, but it was returned to petitioner as untimely. On Dec. 17, 2004, petitioner submitted a document entitled "Petitioner's motion accept response as timely", which we filed as of that date and denied on Dec. 23, 2004. The response that was attached repeated the arguments contained in the petition and other submissions.

## Discussion

A.  Section 6330

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.  If the person makes a request for a hearing, a hearing shall be held before an impartial officer or employee of the IRS Office of Appeals.  Sec. 6330(b)(1), (3).  At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  Additionally, at the hearing, a taxpayer may contest the existence or amount of the underlying tax liability if the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed.  In so doing, the Appeals Office is required to take into consideration the verification presented by the Secretary, the issues raised by the taxpayer, and whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness

of the proposed levy action.  Sec. 6330(c)(3).  The determination of the Appeals officer under section 6330, except a determination regarding the underlying tax liability that is made pursuant to section 6330(c)(2)(B), is reviewed for abuse of discretion.  Sego v. Commissioner, supra at 610.  Where the underlying tax liability is properly at issue, the Court reviews any determination regarding the underlying tax liability de novo. Id.

A hearing officer may rely on a computer transcript or Form 4340, Certificate of Assessments, Payments and Other Specified Matters, to verify that a valid assessment was made and that a notice and demand for payment was sent to the taxpayer in accordance with section 6303.  Nestor v. Commissioner, 118 T.C. 162, 166 (2002).  Absent a showing of irregularity, a transcript that shows such information is sufficient to establish that the procedural requirements of section 6330 have been met.  Id. at 166-167.

In this case, the undisputed facts set forth in respondent's motion, declarations in support of the motion, and attached exhibits establish that respondent has satisfied the requirements of section 6330.  Ms. Chadwell, who had had no prior involvement with respect to the unpaid tax liabilities before the section 6330 hearing as required by section 6330(b)(3), verified that proper assessments were made, as reflected on computer

transcripts attached to the motion for summary judgment and in the notice of determination, and that the requisite notices had been sent to petitioner. Ms. Chadwell also considered petitioner's argument and rejected it as not relevant and frivolous. Following the hearing, Ms. Chadwell made a determination upholding the proposed levy action, after concluding that the proposed levy action appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of the proposed levy action.

In an addendum to his petition, petitioner listed the following reasons why the proposed levy should not be sustained:

(1) Respondent issued "arbitrary legal opinions" in that:

(a) Respondent determined that petitioner had not made a timely hearing request under section 6330;

(b) despite repeated requests, respondent failed to produce any facts to support his opinion that petitioner was a taxpayer;

(c) petitioner was not permitted to inquire at the hearing what in the Constitution created his alleged obligation to file a return and pay tax;

(d) there is no evidence that the law created any obligation to file a return and pay tax;

(2) respondent asserted the same arguments in motions to dismiss filed in other cases;

(3) respondent delayed 3 years in providing the "sham" hearing in this case; and

(4) without facts, an assessment is arbitrary; an arbitrary assessment presents a justiciable controversy that the Court must decide.

With the exception of the argument regarding the timeliness of his hearing request,[3] all of petitioner's arguments are frivolous and groundless.  See United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986) (taxpayer's argument that he is not a taxpayer is frivolous); Tolotti v. Commissioner, T.C. Memo. 2002-86 (taxpayer's argument that Commissioner must identify constitutional and statutory provisions that make taxpayer liable for Federal income tax is frivolous), affd. 70 Fed. Appx. 971 (9th Cir. 2003).  It is well established that we need not refute frivolous arguments with copious citation and extended discussion.  Williams v. Commissioner, 114 T.C. 136, 138-139 (2000) (citing Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984)).

Petitioner complains about the alleged bias of Ms. Chadwell and describes the hearing as a sham because Ms. Chadwell would not engage in a discussion of the legal basis for his

_____

[3]After reviewing petitioner's mailing receipts at the hearing, Settlement Officer Chadwell conceded at the hearing that petitioner had filed a timely hearing request under sec. 6330 and that petitioner is entitled to a hearing under sec. 6330 and to appeal the determination that resulted therefrom.

"obligation" to file a tax return and pay tax. The transcript of the hearing amply demonstrates that Ms. Chadwell provided a meaningful opportunity to present relevant, nonfrivolous arguments why the levy should not be allowed to proceed, but petitioner repeatedly refused to provide any such arguments and the information necessary to support them. For example, despite several requests for information regarding petitioner's financial condition made both before and during the hearing, petitioner failed to provide it. When petitioner did not cooperate, Ms. Chadwell justifiably terminated the hearing. Her decision to terminate the hearing was not evidence of bias; rather, it demonstrated that there is a limit to the tax system's tolerance for unproductive and frivolous exchanges regarding a taxpayer's obligations to file returns and pay tax.

On this record, we conclude that there is no genuine issue of material fact requiring a trial in this case, and we hold that respondent is entitled to the entry of a decision sustaining the proposed levy as a matter of law.

B.  Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty, not to exceed $25,000, if it appears that the taxpayer has instituted or maintained a proceeding primarily for delay, or that the taxpayer's position is frivolous or groundless. Section

6673(a)(1) applies to proceedings under section 6330.  Pierson v. Commissioner, 115 T.C. 576, 581 (2000).  In proceedings under section 6330, we have imposed the penalty on taxpayers who have raised frivolous and groundless arguments with respect to the legality of the Federal tax laws.  See, e.g., Roberts v. Commissioner, 118 T.C. 365, 372-373 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Eiselstein v. Commissioner, T.C. Memo. 2003-22; Yacksyzn v. Commissioner, T.C. Memo. 2002-99.

This is not the first time that petitioner has wasted the time of the Federal courts and the Commissioner with arguments like the ones made in this case.  Petitioner attached to his petition a copy of a motion to dismiss for failure to state a claim upon which relief can be granted, which was filed by respondent in Kolker v. Commissioner, docket No. 567-03, another case commenced by petitioner in this Court.  In docket No. 567-03, petitioner made arguments identical in most respects to those raised in this case.  We granted respondent's motion to dismiss and imposed a penalty of $10,000 under section 6673 because of petitioner's frivolous arguments.  The U.S. Court of Appeals for the Ninth Circuit affirmed our order in an unpublished opinion and imposed an additional penalty of $1,500 under section 6673. Kolker v. Commissioner, No. 03-74029 (9th Cir. July 26, 2004).

Petitioner has had plenty of warning that he risked incurring a monetary penalty by making these arguments.

Petitioner has repeatedly wasted the Federal tax system's resources, and his conduct deserves an appropriate and severe sanction.  We shall require petitioner to pay to the United States a penalty under section 6673(a)(1) of $25,000.

An appropriate order and decision will be entered.