T.C. Memo. 2011-243

UNITED STATES TAX COURT

SHELBY L. AND DONZELLA H. JORDAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 14572-07L.                    Filed October 5, 2011.

<u>Pierce J. Guard, Jr.</u>, for petitioners.

<u>Miriam C. Dillard</u>, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This case is before the Court on the parties'
cross-motions for summary judgment pursuant to Rule 121.[1]  We

[*]This opinion supplements <u>Jordan v. Commissioner</u>, 134 T.C. 1
(2010).

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, and Rule references
                                                (continued...)

must decide whether, on remand, respondent's Appeals Office properly verified that a notice of deficiency was mailed to petitioners for their 1986, 1988, and 1989 tax years.

## Background

Many of the relevant facts are set forth in our prior Opinion in Jordan v. Commissioner, 134 T.C. 1 (2010) (prior Opinion), and are incorporated by reference. Additionally, some of the facts discussed in this Opinion are taken from the parties' moving papers and attachments.[2]

At the time they filed their petition, petitioners resided in California.

Respondent sent a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) to petitioners with respect to a lien filed to collect petitioners' unpaid tax liabilities for their 1986, 1987, 1988, 1989, 1994, and 1995 tax years. Petitioners timely filed a petition with this Court seeking review of respondent's determination. Petitioners' taxes for their 1987, 1994, and 1995 tax years were assessed on the basis of their joint tax returns

---

[1](...continued)
are to the Tax Court Rules of Practice and Procedure.

[2]Those attachments include certified copies of the Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, and copies of the notices of deficiency on which respondent's Appeals Office relied during the hearing on remand. The parties do not dispute the authenticity of the attachments.

after petitioners failed to pay the taxes shown on those returns. There are no remaining factual or legal issues concerning petitioners' 1987, 1994, and 1995 tax years, and the parties agree that the Court should enter a decision sustaining respondent's determination with respect to those years.

Petitioners filed their 1986 tax return on December 9, 1987; their 1988 tax return on June 22, 1990; and their 1989 return on September 21, 1990. Petitioners' taxes for the 1986, 1988, and 1989 tax years were assessed following audits. In the reply brief they filed before we entered our prior Opinion, petitioners contended for the first time that the administrative record showed that a notice of deficiency had not been issued for those years. Petitioners did not testify at trial that they did not receive notices of deficiency. Nonetheless, because the administrative record did not state that the Appeals Office had verified that notices of deficiency were sent, we remanded the case for the Appeals Office to clarify the record. In our prior Opinion, we stated:

> The record before us is unclear as to whether a notice of deficiency was sent to petitioners for their 1986, 1988, and 1989 tax years. We have held that a verification generally is proper if the Appeals officer relied on a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, or a transcript containing similar information. Nestor v. Commissioner, 118 T.C. 162 (2002). There is no mention of a Form 4340 in the record. Moreover, the original assessment dates in the early 1990s covered petitioners' 1986, 1988, and 1989 tax years; however, the transcript provided covers only petitioners' tax years 2000 and forward. We therefore remand the instant case to

respondent's Appeals Office to clarify the record as to whether a notice of deficiency was sent to petitioners for each of the 1986, 1988, and 1989 tax years.

Jordan v. Commissioner, supra at 12-13.

On remand, respondent's Appeals Office placed in the administrative file certified copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for each of petitioners' 1986, 1988, and 1989 tax years, each dated February 4, 2010.  Although the Forms 4340 do not state that a notice of deficiency was mailed to petitioners, the Forms 4340 each contain an entry stating:  "additional tax assessed by examination audit deficiency per default of 90 day letter." Petitioners signed a consent to extend the time to assess tax for their 1986 tax year on December 5, 1990.  The assessment for petitioners' 1986 tax year was made on June 1, 1992, and the assessments for petitioners' 1988 and 1989 tax years were made on April 26, 1993.

In addition to the Forms 4340, the Appeals Office placed in the administrative file copies of the notices of deficiency.  The notice of deficiency for petitioners' 1986 tax year is stamped with the date December 6, 1991.  The notice of deficiency for petitioners' 1988 and 1989 tax years is stamped with the date October 28, 1992.  Both notices of deficiency are addressed to petitioners' last known address, which is the same address petitioners used when they filed their petition in this Court.

After reviewing the Forms 4340 and copies of the notices of deficiency for petitioners' 1986, 1988, and 1989 tax years, respondent's Appeals Office issued supplemental notices of determination.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." In the instant case, the parties have made cross-motions for summary judgment, and each party contends that there are no genuine issues of material fact and that the party is entitled to summary judgment as a matter of law.

Generally, the Commissioner is not entitled to collect a tax by administrative means until it has been formally and timely assessed. When the taxpayer files a return, the Commissioner may summarily assess the amount shown on the return without issuing a notice of deficiency. Sec. 6201(a). However, when a deficiency exists, the Commissioner must issue a notice of deficiency and wait 90 days before assessing the tax. Secs. 6212(a), 6213(a).

To be timely, the assessment generally must be made within the 3-year period of limitations.  Sec. 6501(a).

When we review an Appeals Office determination under section 6330(d), we review the Appeals Office's consideration of all issues that were raised by the taxpayer, and we also consider whether the Appeals Office conducted the verification required by section 6330(c)(1).  Jordan v. Commissioner, 134 T.C. at 12; Hoyle v. Commissioner, 131 T.C. 197, 202 (2008).  Section 6330(c)(1) requires that, as part of its review, the Appeals Office verify that a valid notice of deficiency was issued to the taxpayer.  Jordan v. Commissioner, supra at 12; Hoyle v. Commissioner, supra at 202.

The act of mailing the notice of deficiency generally is proven by evidence of the Commissioner's mailing practices corroborated by direct testimony or documentary evidence of mailing.  Coleman v. Commissioner, 94 T.C. 82, 90 (1990); Magazine v. Commissioner, 89 T.C. 321 (1987).  A Postal Service Form 3877 reflecting Postal Service receipt represents direct documentary evidence of the date and the fact of mailing and also shows compliance with established  Internal Revenue Service (IRS) procedures for mailing notices of deficiency.  Coleman v. Commissioner, supra at 90; Magazine v. Commissioner, supra at 324, 327.  Exact compliance with Postal Service Form 3877 mailing procedures raises a presumption of official regularity in favor

of the Commissioner and is sufficient, absent evidence to the contrary, to establish that a notice of deficiency was properly mailed. Hoyle v. Commissioner, 136 T.C. ___, ___ (2011) (slip op. at 10); Coleman v. Commissioner, supra at 91. A certified mailing list containing the same information as Postal Service Form 3877 may also be relied upon to establish mailing. Hoyle v. Commissioner, 136 T.C. at ___ (slip op. at 10).

Respondent contends that the certified mailing lists related to petitioners' tax years 1986, 1988, and 1989 were destroyed after 10 years pursuant to IRS procedures for document retention. Because respondent does not have the certified mailing lists in his possession, he contends that the Appeals Office should be allowed to rely on Forms 4340 to verify that the notices of deficiency were mailed to petitioners.

We have held that a verification that a notice of deficiency was issued generally is proper if the Appeals Office relied on a Form 4340, unless the taxpayer demonstrates an irregularity in the assessment procedure that would raise a question about the validity of the assessments. Jordan v. Commissioner, supra at 12-13; Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Davis v. Commissioner, 115 T.C. 35, 41 (2000). In Hoyle v. Commissioner, 131 T.C. at 205 n.7, we stated that "where a taxpayer alleges no notice of deficiency was mailed he has * * * '[identified] an irregularity', thereby requiring the Appeals officer to do more

than consult the computerized records", including the Form 4340. In that footnote in Hoyle, we referred to Chief Counsel Notice CC-2006-19 (Aug. 18, 2006), which cited Nestor v. Commissioner, supra, for the proposition that the Appeals Office may rely on the Form 4340 in the absence of an irregularity identified by the taxpayer. In Nestor v. Commissioner, supra at 167, we stated: "The Forms 4340 that respondent gave petitioner before trial showed that the amounts at issue were properly assessed, and petitioner did not show at trial any irregularity in the assessment procedure that would raise a question about the validity of the assessments." (Emphasis added.) According to our holding in Nestor, therefore, the burden is on the taxpayer to show at trial that an irregularity existed. If the taxpayer does not offer any evidence to show an irregularity, the IRS may rely on computerized records, including the Form 4340, to verify that the notice of deficiency was sent and the tax properly assessed. See id.

When we remand a case to the Appeals Office to clarify the record as to whether a notice of deficiency was mailed to a taxpayer, the Appeals Office is not limited to what the Appeals Office considered during the first administrative hearing. Hoyle v. Commissioner, 136 T.C. at ___ (slip op. at 10). Rather, on remand the Appeals Office is to independently verify that a notice of deficiency was properly mailed to the taxpayer. Id.

Petitioners did not proffer any evidence suggesting an irregularity in the assessment procedure. At trial petitioners did not testify that they never received the notice of deficiency. Nor did they raise the issue at any other time during the proceedings before this Court or before respondent's Appeals Office. Indeed, it was not until their reply brief that they contended that the administrative record showed that no notice of deficiency had been sent. A contention in a brief that the administrative record showed that no notice of deficiency was mailed is not a showing of irregularity. In contrast, the taxpayer in Hoyle v. Commissioner, 131 T.C. at 200 n.3, testified at trial that he did not receive a notice of deficiency. In the instant case, there is no such factual dispute. Instead, the parties' disagreement is about what documents respondent is required to produce to show that the notice of deficiency was properly mailed.

Accordingly, because petitioners did not show that there was an irregularity, we hold that Forms 4340, combined with copies of the notices of deficiency, may be used to verify that the notices of deficiency were mailed to petitioners' last known address and that the tax was properly assessed.

The Forms 4340 do not contain entries stating that notices of deficiency were mailed to petitioners, but the Forms 4340 do state: "additional tax assessed by examination audit deficiency

per default of 90 day letter."  Chief Counsel Notice CC-2006-19 (Aug. 18, 2006) notes that the Form 4340 "currently provide[s] verification of assessment of the liability and the sending of collection notices", but it is silent on whether the Form 4340 provides verification that the notice of deficiency was mailed.[3] In two recent District Court cases, the Forms 4340 the IRS provided did not state that a notice of deficiency had been mailed to the taxpayers, but those courts nonetheless held that the IRS could rely on the designation "additional tax assessed by examination audit deficiency per default of 90 day letter" as evidence suggesting that a notice of deficiency had been mailed. See United States v. Stevenson, 105 AFTR 2d 2010-2933 (E.D. Pa. 2010); Laeger v. United States, 105 AFTR 2d 2010-1707 (W.D. La. 2010).  In neither case did the taxpayers provide credible evidence that they did not receive the notices of deficiency.

In the instant case, the dates stamped on the copies of the notices of deficiency are more than 90 days before the assessment dates on the Forms 4340.  The copies of the notices of deficiency show petitioners' last known address.  We conclude that the Forms 4340, combined with the copies of notices of deficiency, are sufficient to show that the respective notices of deficiency were timely mailed to petitioners at their last known address.

_____

[3]It is unclear whether it is IRS practice to make an entry on the Form 4340 stating that the notice of deficiency has been mailed.

Consequently, we hold that respondent's Appeals Office properly verified on remand, pursuant to section 6330(c)(1), that "the requirements of any applicable law or administrative procedure have been met."

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.