T.C. Memo. 2012-55


UNITED STATES TAX COURT


PATRICIA G. SEAVER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3262-11L.                    Filed February 28, 2012.


Patricia G. Seaver, pro se.

<u>Diane L. Worland</u>, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  This matter is before the Court on respondent's motion for summary judgment (motion) pursuant to Rule 121.[1]  Respondent contends that no genuine issue exists as to any material fact and that the determination to sustain the proposed collection action of issuance of a notice of levy should be upheld.  In her petition and in her opposition to respondent's motion, petitioner advances only arguments that are frivolous, groundless, or otherwise without merit.

Background

At the time the petition was filed, petitioner resided in Indiana.

Petitioner did not file income tax returns for 2004 and 2006.  On October 13, 2009, respondent issued petitioner statutory notices of deficiency which determined deficiencies in her income tax of $1,934 and $1,659 for the taxable years 2004 and 2006, respectively.  In addition, respondent determined additions to tax pursuant to section 6651(a)(1) of $263.93 and $373.28 for the taxable years 2004 and 2006, respectively, and additions to tax pursuant to section 6651(a)(2) of $293.25 and $232.26 for the taxable years 2004 and 2006, respectively.  Petitioner did not file a

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.

petition with this Court regarding the notices of deficiency for 2004 and 2006. As a result, those deficiencies and additions to tax were assessed on March 29, 2010.

On July 19, 2010, respondent issued petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, advising her that respondent intended to levy to collect her unpaid income tax liabilities for taxable years 2004 and 2006 and that she could receive a hearing with respondent's Appeals Office.

On August 11, 2010, petitioner timely mailed to respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, along with numerous attachments.

On October 6, 2010, respondent's Appeals Office sent petitioner a letter that acknowledged receipt of her Form 12153. The letter also advised petitioner that: (1) she was not in compliance with her income tax filing requirements, (2) she raised many arguments in her hearing request which are frivolous, (3) she was not entitled to a face-to-face collection due process hearing unless she withdrew her frivolous arguments within 30 days of respondent's letter and that IRS Notice 2008-14 regarding "specified frivolous position" is available at www.irs.gov/newsroom/article/. The letter also scheduled a telephone collection

due process (CDP) hearing conference for November 16, 2010, and requested that petitioner prepare and forward to the settlement officer a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and signed income tax returns for 2007, 2008, and 2009. The letter also advised petitioner that the Tax Court is empowered to impose monetary sanctions of up to $25,000 on a taxpayer who institutes or maintains an action before it primarily for delay or takes a position that is frivolous or groundless.

On October 22, 2010, respondent's settlement officer received a response from petitioner. Petitioner disagreed with respondent's interpretation of her CDP hearing request, requested a face-to-face hearing, and made demand for the return of approximately $2,878.90 which was allegedly collected from her by levy between October 21 and December 30, 2006.

Petitioner did not call respondent's settlement officer on November 16, 2010, for the telephone CDP hearing. Nor did petitioner call at any other date to conduct a telephone CDP hearing.

On November 23, 2010, the settlement officer sent a letter to petitioner advising her that she did not call at the scheduled time and did not furnish the requested information. The settlement officer's letter also advised petitioner that levy payments were received from her during 2006 through 2008 and applied to tax

liabilities for tax years other than 2004 and 2006, which were the subject of the current CDP action. The letter further advised petitioner that she could not contest her underlying income tax liabilities for 2004 and 2006 because respondent had sent statutory notices of deficiency to her last known address, giving her a prior opportunity to petition the Tax Court. The letter also reminded petitioner that sanctions of up to $25,000 could be imposed against her for instituting or maintaining an action before it for delay or for taking a position that is frivolous or groundless.

Petitioner did not submit to respondent's settlement officer either a Form 433-A or any proposed collection alternatives. Petitioner also failed to send a letter or any other document to the settlement officer withdrawing her frivolous positions.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 dated January 10, 2011, sustaining the proposed levy to aid in the collection of her income tax liabilities for taxable years 2004 and 2006.

Petitioner filed a petition with this Court on February 8, 2011.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). A motion for summary judgment is granted where the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); FPL Grp., Inc., & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

Petitioner's response to respondent's motion fails to indicate that there is a genuine issue for trial. Consequently, we conclude that there is no issue as to any material fact and that a decision may be rendered as a matter of law.

Petitioner contends that "If a person request a hearing in writing under subsection (a)(3)(B) and states the grounds for the requested hearing such hearing **shall** be held by the Internal Revenue Office of Appeals" and that "Shall is a work [sic] of mandatory intent." However, we have repeatedly held that there is no abuse of discretion in the IRS' refusal of a face-to-face hearing where a taxpayer has failed to present nonfrivolous arguments, file past-due returns, and submit financial statements as prerequisites to a collection alternative. See Zastrow v. Commissioner, T.C. Memo. 2010-215; Rice v. Commissioner, T.C. Memo.

2009-169; <u>Summers v. Commissioner</u>, T.C. Memo. 2006-219. Respondent's Appeals Office informed petitioner that she was not entitled to a face-to-face CDP hearing unless she withdrew her frivolous arguments, which she failed to do.

The remaining arguments made by petitioner in her petition and in her response to respondent's motion are entirely frivolous and unfounded. A position "is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986). This Court has ruled that arguments such as those petitioner asserts here are frivolous and wholly without merit. <u>See</u> <u>Williams v. Commissioner</u>, T.C. Memo. 1999-277.

For example, petitioner contends that the Internal Revenue Service is "Falsely applying 6020(b) Substitute for return program" in that "This return filed by the IRS was filed under the pretense of 26 USC 6020(b)" and that "There can be NO assessment for there can be NO SFR filed without <u>taxpayers consent.</u>" Petitioner continues by stating that "Petitioner has up to this point clearly and precisely shown that the IRS did file a SFR against petitioner file, entity. It is a return filed by the IRS NOT the petitioner" and that the IRS has "no such authority to file a SFR against anyone."

Petitioner also challenges "the validity of all mailed documents due to lack of official signature" and makes frivolous constitutional arguments including allegations that IRS employees are conspiring to violate the Thirteenth Amendment, which abolished slavery.

As we have said of similar arguments on previous occasions, petitioner's arguments are frivolous and devoid of any basis in the law. We need not refute them with somber reasoning and copious citation of precedent; to do so might suggest that they have some colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); Wnuck v. Commissioner, 136 T.C. 498 (2011); Guthrie v. Commissioner, T.C. Memo. 2006-81. Petitioner has raised no genuine issues in her pleadings regarding respondent's determination to sustain the proposed collection action of her 2004 and 2006 income tax liabilities or the related additions to tax. Consequently, we sustain respondent's determination.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion and decision will be entered for respondent.