T.C. Memo. 2012-275

UNITED STATES TAX COURT

JAMES WILLIAM HARRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10033-10L.                    Filed September 27, 2012.

James William Harris, pro se.

<u>Robert Francis Saal</u> and <u>Carroll De Groff Lansdell</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to review determinations of

respondent's Office of Appeals (Appeals) sustaining a notice of Federal tax lien

(NFTL) filing and a proposed levy to collect from him Federal income tax for 2003,

2004, 2005, and/or 2006.  Following a short trial of this case, we decide two

**[*2]** issues: (1) whether petitioner may challenge his underlying tax liabilities for 2003 through 2006. We hold he may not; and (2) whether Appeals abused its discretion in sustaining the above-referenced collection actions. We hold it did not.

FINDINGS OF FACT

Some facts were stipulated. We incorporate by this reference the stipulation of facts and the accompanying exhibits. Petitioner resided in New Jersey when he petitioned the Court.

Petitioner, a graduate of the U.S. Military Academy at West Point, failed to file Federal income tax returns for 2003 through 2006. Respondent, as he was authorized to do under section 6020(b),[1] prepared a substitute for return on behalf of petitioner for each of those years. Respondent subsequently issued to petitioner a notice of deficiency for each year and assessed tax, addition to tax, and statutory interest after petitioner failed to pay the liabilities or challenge the same in court.[2]

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest whole dollar.

[2]Although the record does not include copies of the notices of deficiency for 2003 through 2006, respondent submitted at trial copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, indicating that notices of deficiency were issued to petitioner for those years. The Forms 4340 reflect that "additional tax [was] assessed by examination audit deficiency per default of 90 day

(continued...)

[**\*3**] Respondent made notice and demand for payment by issuing to petitioner nine notices advising him that he owed tax for 2003 through 2006.[3]

Respondent proposed to collect by levy petitioner's unpaid tax liabilities for 2003 through 2006, and he filed a notice of Federal tax lien to secure petitioner's payment of his 2004 through 2006 tax liabilities. As to the former levy collection action, on November 4, 2009, respondent issued to petitioner a Notice of Intent to

---

[2](...continued)
letter." As we noted in Jordan v. Commissioner, T.C. Memo. 2011-243, 102 T.C.M. (CCH) 386, 388 (2011) (quoting Chief Counsel Notice CC-2006-19 (Aug. 18, 2006)), supplementing 134 T.C. 1 (2010): "Form 4340 'currently provide[s] verification of assessment of the liability and the sending of collection notices', but it is silent on whether the Form 4340 provides verification that the notice of deficiency was mailed." We went on to note that two recent unreported District Court cases stated that the Forms 4340 provided by the Internal Revenue Service (IRS) did not state that a notice of deficiency had been mailed to the taxpayers but that the statement "additional tax assessed by examination audit deficiency per default of 90 day letter" was nonetheless evidence that a notice of deficiency had been mailed. Id. (citing United States v. Stevenson, 105 A.F.T.R.2d 2010-2933 (E.D. Pa. 2010), and Laeger v. United States, 105 A.F.T.R.2d 2010-1707 (W.D. La. 2010)). Thus, we look to the Forms 4340 as probative of the fact that the notices of deficiency were issued to petitioner unless credible evidence shows they were not. Petitioner did not offer credible evidence that he did not receive the notice of deficiency for each of the years 2003 through 2006. Petitioner acknowledged at trial that the notices of deficiency issued to him correctly listed his name and address, and he admitted to receiving one notice of deficiency. On the basis of the foregoing, we are satisfied that a notice of deficiency for each year at issue was mailed to petitioner's last known address.

[3]Notices were sent to petitioner (1) for 2003 on October 17, 2005, March 27, 2006, and March 26, 2007; (2) for 2004 on March 3, 2008, and June 8, 2009; (3) for 2005 on March 3, 2008, and March 30, 2009; and (4) for 2006 on November 17, 2008, and March 2, 2009.

**[*4]** Levy and Notice of Your Right to a Hearing (final levy notice). The final levy notice notified petitioner that respondent intended to levy on his property to collect from him $71,383 of unpaid tax, penalties, and interest relating to his 2003 through 2006 Federal income tax liabilities. As to the latter lien collection action, on November 13, 2009, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320 (final lien notice).[4] The final lien notice advised petitioner that respondent had filed a lien in favor of the United States to collect from petitioner $42,346 of unpaid tax relating to his 2004 through 2006 Federal income tax liabilities.

On December 4, 2009, petitioner mailed to respondent Form 12153, Request for a Collection Due Process or Equivalent Hearing, concerning petitioner's 2003 through 2006 Federal income tax liabilities. The Form 12153 requested a hearing to review the propriety of the NFTL filing and the proposed levy action. The Form 12153 indicated that petitioner's basis for the hearing was the Internal Revenue Service's (IRS) "gross violations" of law and procedure. Petitioner's collection due process (CDP) request was assigned to Settlement Officer Jesse Voysest (SO Voysest) in Appeals' office in Newark, New Jersey.

---

[4]Although the record does not include a copy of the final lien notice, the parties have stipulated that such a letter was issued to petitioner.

**[\*5]** On February 19, 2010, SO Voysest mailed to petitioner a letter scheduling petitioner's CDP hearing by telephone for March 17, 2010. The letter asked that petitioner contact SO Voysest within 14 days if the scheduled time and date were not convenient for him or if he preferred to hold a face-to-face hearing at the Appeals Office closest to his residence.[5] The letter further advised petitioner that SO Voysest had to consider any nonfrivolous issues that he desired to discuss. Finally, the letter advised petitioner that if he did not participate in the CDP hearing or respond to the letter, Appeals would issue a notice of determination based on previously filed information.

On March 17, 2010, SO Voysest telephoned petitioner to hold the scheduled CDP hearing. Petitioner told SO Voysest that he had not received the letter dated February 19, 2010, with sufficient time to request a face-to-face hearing, if at all, because he had been traveling for business and had not opened his mail.[6] SO Voysest's case activity record observed that petitioner appeared to be raising constitutional and frivolous arguments during the telephone call. SO Voysest

[5]Although the letter indicated that petitioner's CDP hearing request was also made with respect to an NFTL filing for his 2003 tax year, the record is unclear whether an NFTL was filed for that period.

[6]The parties' stipulation of facts, which includes handwritten notes on this point, is unclear whether the letter dated February 19, 2010, was never received or did not allow petitioner enough time to request a face-to-face hearing.

[*6] allowed petitioner until March 26, 2010, to provide a basis for his dispute, at which time SO Voysest would determine whether a face-to-face hearing was proper.

In a letter dated March 17, 2010, received on March 18, 2010, petitioner provided to SO Voysest a "complete package" in connection with his CDP hearing request. The letter raised various legal, procedural, and constitutional arguments as to petitioner's claimed nonreceipt of statutory notices of deficiency and the validity of section 6020.[7] Among the arguments raised were that there was not a "<u>CONCEIVABLE LAWFUL BASIS</u>" for the collection action because the IRS' "allegations" against him were "based on <u>fraud</u>." The letter also stated petitioner's baseless belief that he could not be accused of tax evasion because he claims to have consulted with a tax professional in or around 2000. The record does not

---

[7]Attached to petitioner's package was a 10-page letter seeking information with respect to his 1987 through 2000 Federal income tax returns and advancing various arguments that we consider to be frivolous. The letterhead indicates that the letter was prepared by the Offices of Wayne A. Paul, C.P.A., though we note that the letter is signed by petitioner and not an individual in Mr. Paul's office. Among the arguments advanced in page 4 of the letter were that petitioner had not been given notice that (1) a tax was being imposed upon him, (2) he was required to file a specific Federal income tax form, or (3) he was required to keep books or records to determine his tax liability to the U.S. Treasury. Another frivolous argument raised on pages 6 and 7 of the letter is that the Federal Government lacks jurisdiction to exert taxing power over petitioner because, as he and his representatives apparently believe, he does not reside or work in any location where the United States has jurisdiction.

[*7] suggest that petitioner has consulted with a tax professional for any year at issue. Finally, the package included roughly 30 pages of letters, statutes, and tables of authorities, among other items. Petitioner asserted a challenge to the IRS' jurisdiction because, as we understand him to assert, he is a "Sovereign Citizen" of the State of New Jersey and not a citizen of the United States. Although petitioner's packet raised other issues, as discussed below, we deem them irrelevant to the instant case.

SO Voysest considered petitioner's arguments frivolous and sustained the NFTL filing and the proposed levy. SO Voysest reflected her findings and determinations in a notice of determination issued to petitioner on March 30, 2010. Petitioner petitioned the Court for judicial review of the notice of determination with respect to the collection actions for 2004 through 2006, and he subsequently amended his petition to request review of the collection action with respect to 2003 as well. Rather than try to explain petitioner's assignments of error as stated in the notice of determination, which we reject as tax-protester rhetoric, we address those arguments in our opinion section below.

## OPINION

Section 6301 empowers the Commissioner to collect the taxes imposed by the internal revenue laws. To further that objective, Congress has provided that

**[\*8]** the Commissioner may effect the collection of taxes by, among other methods, liens and levies. Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay those taxes. The lien arises at the time assessment is made and continues until the assessed amount is satisfied or is unenforceable by lapse of time. Sec. 6322. Section 6331(a) authorizes the Commissioner to levy upon all property or property rights of any taxpayer liable for any tax who neglects or refuses to pay that liability within 10 days after notice and demand for payment was made.

Before the Commissioner may pursue collection by lien or levy, however, he must notify the affected taxpayer in writing of his or her right to a hearing with an impartial Appeals officer. See secs. 6320(a) and (b) (relating to liens); 6330(a) and (b) (relating to levies). Where a hearing is requested, whether in response to an NFTL filing or a proposed levy, the presiding Appeals officer must satisfy the standards set forth in section 6330. See secs. 6320(b)(4), 6330(c). Under section 6330, a taxpayer may raise at the hearing any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection actions, and potential collection alternatives such as an installment agreement or an offer-in-compromise, among others. Sec. 6330(c)(2)(A). A taxpayer is precluded from

**[*9]** challenging the existence or amount of the underlying tax liability unless the individual did not receive a notice of deficiency for the tax liability or was not otherwise provided with an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000). An Appeals officer is not required to consider frivolous arguments. See Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000).

After the hearing, Appeals issues a notice of determination setting forth the findings and decisions as to whether the proposed collection actions may proceed. Sec. 6330(c)(3); secs. 301.6320-1(e)(3), Q&A-E8, 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs. Appeals must take into consideration: (A) verification that the requirements of applicable law and administrative procedure have been met; (B) relevant issues raised by the taxpayer concerning the collection actions; and (C) whether the proposed collection actions balance the need for efficient collection of tax with the taxpayer's legitimate concern that the collection actions be no more intrusive than necessary. Sec. 6330(c)(3). The taxpayer may petition the Court for judicial review of the notice of determination. Sec. 6330(d)(1); see also Rule 330(b).

[*10] The petition and the amended petition contain 13 or so pages of assignments of error concerning respondent's determination of petitioner's 2003 through 2006 Federal income tax liabilities and respondent's collection efforts of the same. We bifurcate petitioner's arguments into those challenging his liability for Federal income tax and those challenging the related collection actions. We consider each point in turn.

As to petitioner's attempt to challenge his liabilities for 2003 through 2006, the petition alleges that (1) no valid assessment was made to support the collection action because the IRS lacks authority to act under section 6020, and (2) a "valid" notice of deficiency was not issued for any year at issue because there was never a valid assessment. Petitioner's positions, in addition to being wholly without merit, may not be raised in this collection review proceeding.

Section 6330(c)(2)(B) precludes a taxpayer from challenging the existence or the amount of an underlying liability unless the individual did not receive a notice of deficiency for that liability or did not otherwise have an opportunity to dispute the liability. Respondent mailed to petitioner notices of deficiency for the years at issue, and petitioner did not petition for judicial review of the deficiency

**[\*11]** determinations contained therein. Accordingly, petitioner may not challenge the amounts or existence of his underlying tax liabilities for 2003 through 2006.[8]

Because the validity of the underlying tax liability is not at issue, we review Appeals' determinations for abuse of discretion. Schwartz v. Commissioner, 348 Fed. Appx. 806 (3d Cir. 2009), aff'g T.C. Memo. 2008-117, 95 T.C.M. (CCH) 1427 (2008); Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. Abuse of discretion exists where the Appeals officer's determinations are arbitrary, capricious, or without sound basis in fact or law. Giamelli v. Commissioner, 129 T.C. 107, 111 (2007).

---

[8]Even if petitioner was entitled to challenge his underlying tax liabilities, which he is not, his claims are indistinguishable from arguments uniformly rejected by this Court and the U.S. Court of Appeals for the Third Circuit, the likely venue for appeal of this case. See Adler v. Commissioner, 443 Fed. Appx. 736, 739 (3d Cir. 2011) (rejecting the argument that the IRS lacks the authority to prepare substitutes for returns under sec. 6020(b)), aff'g T.C. Memo. 2010-47, 99 T.C.M. (CCH) 1181 (2010); Jahn v. Commissioner, 431 Fed. Appx. 210, 212 (3d Cir. 2011) (a valid purpose of a substitute for return under sec. 6020(b) is the assessment of a taxpayer's deficiency and additions to tax); Seaver v. Commissioner, T.C. Memo. 2012-55, 103 T.C.M. (CCH) 1261, 1263 (2012) (rejecting as frivolous the claim that there can be no assessment on the basis of a substitute for return). We understand petitioner, by virtue of his reliance on a letter from Mr. Paul, to also assert that the IRS lacks jurisdiction to tax him because he claims to be a citizen of the State of New Jersey but not of the United States. Similar arguments have likewise been rejected as frivolous. See Miller-Wagenknecht v. Commissioner, 285 Fed. Appx. 956, 959-960 (3d Cir. 2008) (characterizing as frivolous the claim that a taxpayer born in the United States who resided in the State of Pennsylvania was not a citizen or resident for Federal income tax purposes).

**[\*12]** Petitioner's challenges to the propriety of the collection actions, as stated in the petition, are that (1) he did not receive notice and demand for payment under section 6303, (2) SO Voysest did not provide to him a statement that the requirements of any applicable law or administrative procedure had been met, (3) SO Voysest denied him the right to a hearing and the opportunity to dispute the existence of liability by refusing to consider arguments deemed frivolous, and (4) a CDP hearing was not held and "the 'determination' at issue is a fraud and a mockery." (Emphasis omitted.) On the basis of the foregoing, petitioner concludes that SO Voysest acted without sound basis in law or fact in issuing the notice of determination. We reject petitioner's arguments as unpersuasive.

First, we reject petitioner's claim that assessment of his 2003 through 2006 Federal income tax liabilities is invalid because he did not receive notice and demand for payment as required by section 6303(a). This claim is contradicted by substantive evidence in the record showing that notice and demand for payment was made frequently throughout 2005 and 2009. Notice and demand for payment has been made when the Commissioner informs the taxpayer of the amount owed and requests payment of the same. See Collins v. Commissioner, T.C. Memo. 2003-293, 86 T.C.M. (CCH) 469, 470 (2003) (and cases cited thereat). As the notice of determination states, and the Forms 4340 support, petitioner received

[*13] nine notices of balance due for 2003 through 2006. The section 6303(a) notice and demand requirement is satisfied by receipt of the notices of balance due and the final levy notice. See Craig v. Commissioner, 119 T.C. 252, 262-263 (2002); see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (Form 4340 may be used to show that notice and demand for payment has been made); Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992) (notice of balance due and notice of intent to levy satisfied section 6303(a)). Despite petitioner's contrary claims, the record makes clear that he received notice and demand for payment.

Second, we disagree with petitioner that it was an abuse of discretion for SO Voysest not to provide to him a statement that the requirements of applicable law and administrative procedure had been met. Section 6330(c)(1) provides that "The [A]ppeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Along the same line, section 6330(c)(3)(A) requires only that the Appeals officer consider whether the requirements of applicable law or administrative procedure have been met in issuing the notice of determination. Neither section 6330(c)(1) nor (3)(A) required SO Voysest to provide proof to petitioner during the CDP hearing that these requirements had been met. See Burke v. Commissioner,

**[\*14]** 124 T.C. 189, 195 (2005); <u>Tinnerman v. Commissioner</u>, T.C. Memo. 2010-150, 100 T.C.M. (CCH) 20, 23 (2010) (the Appeals officer's obligation to a taxpayer under sec. 6330 does not include providing a particular form to the taxpayer), <u>aff'd</u>, 448 Fed. Appx. 73 (D.C. Cir. 2012). As explained in the notice of determination, SO Voysest considered and verified that the requirements of applicable law or administrative procedure had been met before sustaining the collection actions with respect to petitioner. In this regard, SO Voysest satisfied her obligation to petitioner under section 6330. Accordingly, it was not an abuse of discretion when SO Voysest declined to give to petitioner a written statement that the requirements of any applicable law or administrative procedure had been met.

Third, we reject petitioner's claim that it was an abuse of discretion for SO Voysest not to offer him a further hearing or chance to dispute the underlying tax liabilities. As explained above, petitioner was not allowed to challenge his underlying tax liabilities because he received, but did not petition for redetermination of, notices of deficiency covering each year at issue. Nor was it an abuse of discretion for SO Voysest to decline to hear petitioner's frivolous arguments (as we conclude they were). Where an Appeals officer exercises his or her discretion to terminate a CDP hearing because the claims advanced lack

**[\*15]** merit, we will uphold that determination where it is not arbitrary or capricious but grounded in law and fact. <u>Cf.</u> sec. 6330(g) (where a CDP hearing request is determined to be frivolous, the request shall not be subject to any further judicial or administrative review); <u>Tinnerman v. Commissioner</u>, 100 T.C.M. at 23; <u>Schwersensky v. Commissioner</u>, T.C. Memo. 2006-178, 92 T.C.M. (CCH) 177, 180 (2006) (an Appeals officer's decision to end a CDP hearing after being presented with only tax-protester arguments did not warrant remanding the case to Appeals for further consideration); <u>Kolker v. Commissioner</u>, T.C. Memo. 2004-288, 88 T.C.M. (CCH) 639, 641 (2004) (the decision to terminate a CDP hearing in which only frivolous arguments were raised was not evidence of bias, but "demonstrated that there is a limit to the tax system's tolerance for unproductive and frivolous exchanges regarding a taxpayer's obligations to file returns and pay tax").

Fourth, we dismiss as disingenuous petitioner's position that a CDP hearing was not held or that the notice of determination was a fraud. Petitioner, by virtue of his deliberate disregard for clearly established precedents requiring him to pay Federal income tax and file the related returns, has attempted to turn the IRS and this Court into a mockery for his shopworn tax-protester rhetoric. The record is clear that petitioner was provided a CDP hearing by telephone on March 17,

**[\*16]** 2010, but that a face-to-face hearing was terminated because of his frivolous arguments. Any contrary claim by petitioner is not supported by the record.

As detailed in the notice of determination, Appeals afforded petitioner every opportunity to which section 6330 entitled him. SO Voysest verified that the legal and procedural requirements had been met by reviewing IRS computer records to confirm that notice and demand for payment had been made, that the final lien and levy notices had been issued, and that petitioner received notice of his right to CDP hearing. See Roberts v. Commissioner 118 T.C. 365, 371 n.10 (2002), aff'd, 329 F.3d 1224 (11th Cir. 2003). Consistent with section 6330(g), SO Voysest declined to consider frivolous issues that petitioner raised. SO Voysest was unable to consider collection alternatives because petitioner did not offer any. Finally, SO Voysest balanced the requirement that the lien and levy be no more intrusive than necessary against the requirement to efficiently collect petitioner's unpaid tax liabilities for 2003 through 2006. As a result, we shall sustain respondent's collection actions at issue in this proceeding.

Petitioner's remaining arguments have been rejected as irrelevant, meritless, or incomprehensible.

**[\*17]**  To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.