T.C. Memo. 2011-247

UNITED STATES TAX COURT

ELDO KLINGENBERG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15355-09L.                    Filed October 20, 2011.

    P filed a petition for review of a lien filing pursuant
to sec. 6320, I.R.C., in response to R's determination
that the collection action was appropriate.

    <u>Held</u>:  R's determination is sustained.

<u>Gary L. Zerman</u>, for petitioner.

<u>Najah J. Shariff</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition filed on August 10, 2009, for review of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).[1]  Petitioner seeks review of respondent's determination to proceed with his filed tax lien.

The collection action stems from a substitute for return respondent prepared pursuant to section 6020(b) for petitioner's 2005 tax year.  The issue for decision is whether respondent's settlement officer abused his discretion in determining the proposed collection action was appropriate.

FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulations, with accompanying exhibits, are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in California.

Petitioner is a self-employed plumber who holds a plumbing contractor's license issued in 1977.  He is also a habitual nonfiler who last filed a Federal income tax return for tax year

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.

1990.[2]  For tax year 2005 petitioner neither filed a Federal income tax return nor made any payments on his account.

On September 10, 2007, respondent filed a substitute for return under section 6020(b) for petitioner's 2005 tax year. The substitute for return showed income of $2,194 from "Stock and Bond Transaction Proceeds" and $59,733 from "Nonemployee Compensation".  It also listed a section 6651(a)(1) failure to file addition to tax of $3,934.34, a section 6651(a)(2) failure to pay addition to tax of $1,486.31, a section 6654 failure to pay estimated tax addition to tax of $701.41, and interest, computed to October 10, 2007, of $2,846.71.

At trial respondent introduced a copy of petitioner's "Wage and Income Transcript" corroborating the income shown on the substitute for return.  It shows a Form 1099-B, Proceeds From Broker and Barter Exchange Transactions, listing the payer as "Computershare Shareholders Services Inc" and indicating that the recipient, petitioner, received $2,194 of income from "Stocks and Bonds".  It also shows two Forms 1099-MISC, Miscellaneous Income,

---

[2]Respondent has introduced a coded transcript commonly referred to as an "INFOLI transcript".  The Court has admitted this exhibit on the basis of testimonial evidence as to the meaning of this transcript by Appeals Officer Patrick Lin, who is now retired from the Internal Revenue Service.  However, in the future this Judge will be reluctant to admit a coded transcript that does not include the codes, particularly when a certified plain English transcript should be available.

one showing "Mojave Desert Bank N. A." as the payer and petitioner as the recipient of $53,916 of "Non-Employee Compensation" and the other showing "Metzler Construction" as the payer and petitioner as the recipient of $5,817 of "Non-Employee Compensation".

On November 13, 2007, respondent sent petitioner a notice of deficiency for his 2005 tax year by certified mail to his last known address. Petitioner's address has not changed since 2005. Petitioner did not petition the Court for redetermination of the deficiency. On March 24, 2008, respondent assessed a deficiency of $17,486, delinquency-related additions to tax of $6,032.67, and an estimated tax addition to tax of $701.41 for the 2005 tax year.

On June 12, 2008, respondent mailed petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to A Hearing under IRC 6320, advising that respondent had on the same day filed a notice of Federal tax lien (NFTL) for tax year 2005. Respondent received petitioner's Form 12153, Request for a Collection Due Process Hearing, dated July 16, 2008, on July 23, 2008.[3] In this Form 12153 petitioner had checked the box for

_____

[3]The parties stipulated that petitioner's collection due process (CDP) hearing request was timely filed. The CDP hearing request was received on July 23, 2008, which is after the
(continued...)

withdrawal of the tax lien.  In an attachment to the Form 12153 petitioner requested a face-to-face hearing and seemed to question the validity of the assessment of his 2005 tax liability, claiming that "I don't believe I am liable for the assess [sic] tax seeing that I NEVER had a chance to challenge it before".  In the alternative, petitioner asserted, inter alia that

>   If this liability is indeed a proper assessment and can
>   be proven that it is authentic and owed, I would like
>   to discuss what collection alternatives are available
>   to me, to include, but not limited to Offer in
>   Compromise, Installment Agreements, and any other
>   payment arrangements that may be available to me.

On October 3, 2008, respondent informed petitioner that he had received the case for consideration in the Los Angeles Appeals Office on September 5, 2008.  Then on April 15, 2009, Settlement Officer Patrick S. Lin (Officer Lin) sent petitioner a letter acknowledging receipt of petitioner's Form 12153 requesting a CDP hearing and scheduling a telephone CDP hearing on May 1, 2009.  In that letter, Officer Lin advised petitioner that if that date was not convenient for him, or if he would prefer that the conference be held by correspondence, petitioner

-----

[3](...continued)
statutory deadline for filing.  However, there is no evidence in the record of when the request was mailed.  As petitioner's petition was timely filed with this Court and we do not look behind the notice of determination, this has no effect on this Court's jurisdiction.  See Lunsford v. Commissioner, 117 T.C. 159, 164-165 (2001).

was to inform Officer Lin within 14 days of the date of the letter.

Officer Lin's April 15, 2009, letter also explained that

You will be allowed a face-to-face conference upon providing the following documents: (a) a Collection Information Statement (CIS) for Wage Earners & Self-Employed Individuals (Form 433A); (b) a CIS for Business (Form 433B) for your plumbing business; & (c) supplemental financial information/documents listed on CIS's Forms 433A & 433B and are ready to discuss any nonfrivolous issue, including collection alternatives to resolve your liability.

The letter cautioned petitioner in bold type that

You will be allowed a face-to-face conference on any nonfrivolous issue; however you will need to provide the nonfrivolous issue in writing or by calling me within 14 days from the date of this letter (i.e ., by 04/29/2009) before a face-to-face conference will be scheduled.

Officer Lin also explained to petitioner that eligibility for collection alternatives required that petitioner file tax returns for tax years 2006 and 2007 and verify that his 2008 and 2009 estimated tax payments had been made.

On April 17, 2009, Officer Lin accessed the U.S. Postal Service (USPS) Web site in order to confirm that the deficiency notice had been delivered to petitioner. Officer Lin's activity record states that the "SND [statutory notice of deficiency] was delivered to TP's UPS Store mail box on 11/21/2007 at 11:40 a.m.", which his testimony credibly corroborated at trial.

At the appointed time, Officer Lin called petitioner for the CDP telephone conference. Unable to reach petitioner, Officer

Lin left a voicemail. On that same day, May 1, 2009, Officer Lin mailed petitioner a followup letter. That letter set forth petitioner's failure to participate in the scheduled CDP telephone conference and noted his failure to comply with the requirements for collection alternatives eligibility. In this letter Officer Lin asked petitioner to "please contact me by Friday, 05/08/2009 and to provide me with the documents listed in my 04/15/2009 letter, also by 05/08/2009". The letter further warned petitioner that "If no response to this letter is received by 05/08/2009, a Notice of Determination will be issued to sustain the filing of the Notice of Federal Tax Lien (NFTL)."

On May 4, 2009, Officer Lin received an undated letter from petitioner postmarked April 29, 2009, in which petitioner stated he was "responding to your letter dated April 15, 2009, regarding the tax year 2005". Petitioner stated that "I will not be able to participate in this telephone conference you scheduled for May 1, 2009", but offered the hope that "we can agree on another date, sometime in the near future".

Petitioner's undated letter made it clear that he was interested only in a face-to-face CDP hearing. First he demanded that Officer Lin provide "the rules and procedures that were followed to determine I was not qualified for a face-to-face hearing." He then stated:

> I am fully aware that Face-to-Face Conferences are
> available for taxpayers to raise valid collection

alternatives or other relevant issues pertaining to the lien and levy. Please understand that I have every intention to discuss relevant issues, so please do not expect that collection alternatives to be the only relevant issue that will be discussed. I expect this hearing to be conducted according to the IRS' own rules and regulations. As such, I trust that I would be able to dispute the liability in the CDP Hearing, because I had no prior opportunity to dispute it.

Petitioner also explained that he did "not recall receiving a notice of deficiency * * *. Please provide proof as to where the Notice of Deficiency was mailed and proof that I received it."

On May 4, 2009, Officer Lin responded to petitioner's undated letter, reiterating that a face-to-face CDP hearing would require that petitioner provide completed Forms 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and 433-B, Collection Information Statement for Businesses, along with supplemental financial information and documents listed on those forms and communicate a nonfrivolous issue. Officer Lin further explained that the Internal Revenue Manual (IRM) prohibited face-to-face hearings for taxpayers who do not present any nonfrivolous arguments. Officer Lin then set a final deadline of May 12, 2009, for petitioner to provide the requested documents.

Petitioner did not respond to Officer Lin's May 4, 2009, letter or comply with the May 12, 2009, deadline. Officer Lin then prepared an Appeals case memorandum on May 19, 2009,

sustaining the filing of the NFTL, and on May 22, 2009, respondent issued petitioner a notice of determination to that effect.

On August 10, 2009, petitioner timely filed a petition with the Court in which he stated that "Respondent failed to provide Petitioner with a face-to-face Collection Due Process (CDP) Hearing, which Petitioner requested to have audio recorded. Petitioner was also not given the chance to challenge the underlying tax liability or collection alternatives."

On April 14, 2010, respondent filed a motion for summary judgment, and on April 16, 2010, this Court ordered petitioner to file a response to the motion by May 10, 2010. On June 2, 2010, petitioner lodged petitioner's objection to respondent's motion for summary judgment and filed a motion for leave to file it out of time. On June 9, 2010, this Court granted petitioner's motion to accept petitioner's objection to respondent's motion for summary judgment out of time and denied respondent's motion for summary judgment. A trial was held on June 17, 2010, in Los Angeles, California. Petitioner did not personally appear at the trial.

## OPINION

### I. Standard of Review

Section 6330(c)(2)(B) permits challenges to the existence or amount of the underlying liability in collection proceedings only

where the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to challenge the liability.  If the validity of the underlying tax is not properly at issue, we will review the Commissioner's administrative determination for abuse of discretion.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  However, where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.[4]  Id.

A.   Administrative Record Rule

Petitioner argues that the administrative record rule, in which the Court's review is limited solely to the administrative record, applies.  Petitioner objects to the "plethora of evidence on this appeal" this Court supposedly allowed.

This Court held in Robinette v. Commissioner, 123 T.C. 85, 101 (2004), revd. 439 F.3d 455 (8th Cir. 2006), that we are not limited to the administrative record in reviewing CDP determinations.  However, under the Golsen rule, we follow the law of the Court of Appeals for the Ninth Circuit, to which this case, absent a stipulation to the contrary, is appealable.  See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d

_____

[4]On brief petitioner somewhat bafflingly argues that "the Tax Court erroneously conducted a de novo review of the CDPH and allowed the government to attempt to establish receipt of the NOD."  However, petitioner's principal argument, that he never received the notice of deficiency and is therefore entitled to challenge the underlying liability, would require this Court to review the administrative determination de novo.

985 (10th Cir. 1971). That court has limited the review of the administrative determination to the administrative record. See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009) ("our review is confined to the record at the time the Commissioner's decision was rendered"), affg. T.C. Memo. 2006-166 (and affg. and vacating decisions in related cases). Therefore, the administrative record rule applies in this case.

There is an exception to the administrative record rule in the Ninth Circuit by which "The extra-record inquiry is limited to determining whether the agency has considered all relevant factors and has explained its decision." Friends of the Payette v. Horseshoe Bend Hydroelectric Co., 988 F.2d 989, 997 (9th Cir. 1993). In Asarco, Inc. v. EPA, 616 F.2d 1153, 1159 (9th Cir. 1980), the Court of Appeals for the Ninth Circuit explained that

> A satisfactory explanation of agency action is essential for adequate judicial review, because the focus of judicial review is not on the wisdom of the agency's decision, but on whether the process employed by the agency to reach its decision took into consideration all the relevant factors.

Although on brief petitioner objects, the testimony of Officer Lin explaining on what and why he made his administrative determinations is not extrarecord evidence. The processes employed by the settlement officer who made the administrative determination and the documents that respondent had admitted during Officer Lin's testimony (i.e., on what he based his determinations) are part of the administrative record. The mere

fact that petitioner did not stipulate the documents does not remove them from the administrative record.

The testimony of Steven De La Cruz from the USPS falls squarely within the exception enunciated by the Court of Appeals discussed above. His testimony merely explained the mechanics of certified mail to the Court. It is clear from Officer Lin's testimony that he already had such knowledge and it was part of his administrative determination.

B.    Whether Petitioner Received a Notice of Deficiency

Petitioner argues that he never had an opportunity to dispute his underlying tax liability. In his undated letter to Officer Lin, petitioner stated that he could "not recall receiving a notice of deficiency". However, petitioner never expressly stated that he did not receive the notice of deficiency.

The presumption of official regularity and delivery arises if the record reflects that the notice of deficiency was properly mailed to the taxpayer. Sego v. Commissioner, 114 T.C. 604, 611 (2000); see also United States v. Zolla, 724 F.2d 808 (9th Cir. 1984). Proper mailing includes mailing by certified mail to the taxpayer's last known address. Sego v. Commissioner, supra at 611. If the presumption applies, this Court may find that petitioner received the notice if he fails to rebut the presumption. See Conn v. Commissioner, T.C. Memo. 2008-186.

Where the presumption of official regularity and delivery arises, receipt of the notice of deficiency will be presumed in the absence of strong evidence to the contrary. A taxpayer's self-serving claim that he did not receive a notice of deficiency will generally be insufficient to rebut the presumption. Casey v. Commissioner, T.C. Memo. 2009-131.

Respondent has shown that the notice of deficiency was mailed by certified mail to petitioner's last known mailing address, which is also his current mailing address. The notice of deficiency was not returned to respondent as undeliverable, and Officer Lin testified that he personally checked the USPS Web site for delivery confirmation. Therefore, respondent is entitled to the presumption of official regularity.

At trial, petitioner's counsel, handicapped by the fact that petitioner did not appear, made much ado about nothing. He repeatedly asked Officer Lin why he did not contact the Postal Service for a scanned image of the signature.[5] Officer Lin explained that his Appeals Office does not have the budget to pay for the scanned image and the Web site verification is free. Officer Lin also explained that he had even given petitioner the opportunity to verify delivery for himself by including the

_____

[5]Petitioner's counsel attempted to have introduced documents from another case showing that respondent has in some instances paid for the scanned images. We note that even if these documents had been admitted at trial, they would have had no effect on the result of this case.

tracking number of the notice of deficiency in his May 4, 2009, letter.

We find that petitioner received the notice of deficiency and therefore we will review respondent's administrative determination for abuse of discretion. See Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. at 181.

II.  Review for Abuse of Discretion

Section 6320(a) and (b) provides that a taxpayer shall be notified in writing by the Commissioner of the filing of a notice of Federal tax lien and provided with an opportunity for an administrative hearing.  An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330.  Sec. 6320(c).

If an administrative hearing is requested, the hearing is to be conducted by the Appeals Office.  Secs. 6320(b)(1), 6330(b)(1).  At the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met.  Secs. 6320(c), 6330(c)(1).  The taxpayer may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the proposed lien, and alternative means of collection.  Sec. 6330(c)(2)(A); see also Sego v. Commissioner, supra at 609; Goza v. Commissioner, supra at 180.  Taxpayers are expected to provide

all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing.  Secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.

A.  Denial of a Face-to-Face Hearing

Petitioner repeatedly argues that he was entitled to a face-to-face hearing.  Although a section 6330 hearing may consist of a face-to-face conference, a proper hearing may also occur by telephone or by correspondence under certain circumstances. Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.

Petitioner never raised any nonfrivolous issue.  He repeatedly demanded that Officer Lin explain the procedures or laws that were followed and argued that he did not have the opportunity to contest the underlying liability.  However, petitioner never presented any evidence that the underlying liability was incorrect, nor did he suggest an offer-in-compromise or submit any of the requested financial information.

B.  Denial of Offer-in-Compromise

Among the issues that may be raised at Appeals are "offers of collection alternatives", such as offers-in-compromise.  Sec. 6330(c)(2)(A)(iii).  The Court reviews the Appeals officer's rejection of an offer-in-compromise to decide whether the

rejection was arbitrary, capricious, or without sound basis in fact or law and therefore an abuse of discretion. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006).

Section 7122(a) authorizes the Commissioner to compromise any civil case arising under the internal revenue laws. In general, the decision to accept or reject an offer, as well as the terms and conditions agreed to, are left to the discretion of the Commissioner. Sec. 301.7122-1(c)(1), Proced. & Admin. Regs.

Even if petitioner's statement on his attachment to Form 12153 that he "would like to discuss what collection alternatives are available to me, to include, but not limited to Offer in Compromise, Installment Agreements, and any other payment arrangements that may be available to me" could somehow be construed as an informal offer or an offer to make an offer, Officer Lin did not abuse his discretion in refusing to process the offer. Because petitioner had not filed his 2006 and 2007 Federal income tax returns, he did not qualify for an offer-in-compromise. See IRM pt. 5.8.7.2.2.1(1) (May 10, 2011) ("A processable offer must be returned when the investigation reveals the taxpayer has not remained in filing compliance."); see also Rodriguez v. Commissioner, T.C. Memo. 2003-153 ("The Commissioner's decision not to process an offer in compromise or

a proposed collection alternative from taxpayers who have not filed all required tax returns is not an abuse of discretion.").

Respondent did not abuse his discretion. In making his determination Officer Lin verified that all requirements of applicable law and administrative procedure had been met. Petitioner never offered a concrete collection alternative or raised any nonfrivolous issues and did not provide the requested Forms 433-A and 433-B or any other financial information or testify at trial.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.