T.C. Memo. 2012-292

UNITED STATES TAX COURT

ELDO KLINGENBERG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9643-10L.                    Filed October 18, 2012.

 P filed a petition for review of a lien and levy filing pursuant to I.R.C. secs. 6320 and 6330 in response to R's determinations that the collection actions were appropriate.

 Held:  R's determinations are sustained.

Eldo Klingenberg, pro se.

<u>Najah J. Shariff</u>, for respondent.

[*2]     MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition filed on April 26, 2010, and amended on June 30, 2010, for review of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), issued on March 23, 2010.[1]  Petitioner seeks review of respondent's determinations to proceed with his levy for the 1991 through 1997 tax years and for his determination to proceed with a levy and the filing of a lien for the 2004 tax year.

These collection actions stem from substitutes for returns respondent prepared pursuant to section 6020(b) for petitioner's 1991 through 1997 and 2004 tax years.  The issues for decision are whether petitioner received a statutory notice of deficiency or had an opportunity to challenge the underlying liabilities and whether respondent's settlement officer abused her discretion in determining that the proposed collection actions were appropriate.

---

[1]The petition was filed timely as the U.S. Postal Service postmark indicates that it was mailed on April 22, 2010, the 30th and last day to timely file the petition. See sec. 7502(a).  Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]                     FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulations, with accompanying exhibits, are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in California.

Petitioner is a self-employed plumber and a habitual nonfiler who last filed a Federal income tax return for tax year 1990.  See Klingenberg v. Commissioner, T.C. Memo. 2011-247.  For the 1991 through 1997 and 2004 tax years petitioner neither filed Federal income tax returns nor made any payments on his account.

Ms. Sherron Crowley, who during the relevant period was a special enforcement procedures revenue agent and whose job was to obtain returns from individuals who were considered high-income nonfilers, was assigned to petitioner's case.  Special Agent Crowley conducted an audit and examination for petitioner's 1991 through 1997 tax years.  During this time she attempted to contact petitioner to have him voluntarily file the delinquent income tax returns; despite her efforts petitioner did not file any.

To determine petitioner's income, Special Agent Crowley began by looking at Forms 1099-MISC, Miscellaneous Income, issued to petitioner that third-party contractors had submitted to the Internal Revenue Service (IRS).  She would then contact the contractors for their records relating to petitioner.  Special Agent

**[*4]** Crowley discovered that some of the contractors had made payments to other individuals (usually the plumbing parts suppliers) for services petitioner had provided and these payments were not included on the amounts on the Forms 1099-MISC. Upon inquiry, Special Agent Crowley learned that the contractors had received levy notices from the IRS for any amounts payable to petitioner. The contractors apparently believed that by writing the checks to the suppliers they could avoid sending money to the IRS in response to the levy notices.

After contacting the contractors, individual customers, and the suppliers, Special Agent Crowley reconstructed petitioner's income. Special Agent Crowley deducted from the receipts the costs of the supplies purchased from the suppliers. When Special Agent Crowley had invoices for expenses but was unable to contact the particular customer, she estimated the income for that project by applying an average of profit percentages that petitioner had made on his other contracts. From all of this information she prepared a substitute for return for each taxable year in the audit period.

On March 28, 2002, respondent sent petitioner four notices of deficiency for his 1991 through 1997 tax years by certified mail to each of his two last known addresses. One of these addresses was the same address petitioner provided as his current address on his petition with this Court. Two of the notices of deficiency

[*5] covered the taxable years 1992 through 1997, and two covered the taxable year 1991. One of each type was sent to each of the two addresses. Petitioner did not petition this Court for redetermination of any of the deficiencies. On August 19, 2002, respondent assessed the deficiencies and additions to tax for the 1991 through 1997 tax years.

On February 25, 2008, respondent sent petitioner a notice of deficiency for his 2004 tax year by certified mail to his last known address. Petitioner did not petition this Court for redetermination of the deficiency. On July 28, 2008, respondent assessed a deficiency and additions to tax for petitioner's 2004 tax year.

On October 16, 2008, respondent mailed petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to A Hearing Under IRC 6320, advising that respondent would on October 17, 2008, file a notice of Federal tax lien (NFTL) for tax year 2004. On November 24, 2008, respondent received an incomplete copy of petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing, which was postmarked on November 15, 2008, but did not include an attachment thereto referenced on page 2 of the Form 12153. By letter dated December 1, 2008, respondent requested that petitioner provide a complete collection due process (CDP) hearing request. Respondent received petitioner's

[*6] complete Form 12153 CDP hearing request on December 18, 2008. In an attachment petitioner requested a face-to-face hearing and demanded that the IRS verify that all procedures were followed properly. In the alternative, petitioner asserted, inter alia, that "If this liability is indeed a proper assessment and can be proven that it is authentic and owed, I would like to discuss what collection alternatives are available to me, to include, but not limited to Offer in Compromise, Installment Agreements, and any other payment arrangements that may be available to me." In this attachment petitioner did not assert that he did not receive a notice of deficiency for the 2004 tax year.

On December 16, 2008, respondent mailed petitioner a Final Notice and Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice of intent to levy) for the 1991 through 1997 and 2004 tax years. This final notice of intent to levy showed that petitioner owed the following amounts:[2]

| Year | Unpaid amount from prior notices | Additional penalty | Additional interest | Total |
|------|-------------------|------------|------------|---------|
| 1991 | $125,485 | -0- | $57,852 | $183,337 |
| 1992 | 290,523 | -0- | 133,718 | 424,241 |
| 1993 | 480,174 | -0- | 220,528 | 700,702 |
| 1994 | 461,810 | -0- | 211,531 | 673,341 |

[2]Amounts have been rounded to the nearest whole dollar.

| [*7] 1995 | 360,819 | -0- | 164,740 | 525,559 |
|---|---|---|---|---|
| 1996 | 198,990 | 18,187 | 94,542 | 311,719 |
| 1997 | 82,272 | 8,208 | 39,088 | 129,568 |
| 2004 | 25,543 | 645 | 594 | 26,782 |
| Total | 2,025,616 | 27,040 | 922,593 | 2,975,249 |

On January 15, 2009, respondent received a timely Form 12153 request for a CDP hearing for the 1991-97 and 2004 tax years. In an attachment petitioner again requested a face-to-face hearing and demanded that the IRS verify that all procedures were followed properly. He stated that he did not believe he was liable for tax, that he "should NOT be held responsible for the penalties accrued", and that he wanted to "challenge this 'liability' seeing that I NEVER had a chance to challenge it before". Again, in the alternative, petitioner asserted that "If this liability is indeed a proper assessment and can be proven that it is authentic and owed, I would like to discuss what collection alternatives are available to me, to include, but not limited to Offer in Compromise, Installment Agreements, and any other payment arrangements that may be available to me." Finally petitioner claimed that "[i]t is not my intention to discuss any issues that the IRS or the Courts considered to be frivolous. If you have considered any of my prior issues that I raised in the past to be frivolous, I hereby renounce them."

**[\*8]** On April 21, 2009, respondent informed petitioner that he had received the case for consideration in the Seattle Appeals Office on April 13, 2009. Then on January 13, 2010, Settlement Officer Kimberly A. Martin of the Sacramento Appeals Office sent petitioner a letter acknowledging receipt of his request for a CDP hearing and scheduling a telephone CDP hearing on January 29, 2010. In that letter Officer Martin advised petitioner that he would be allowed a face-to-face hearing only if he raised nonfrivolous issues. The letter also stated: "You are not able to dispute the liability because you were sent a Statutory Notice of Deficiency on 3/22/2002 for tax years 1991 through 1997 to your Tucker Road address which is also your current address." Officer Martin's January 13, 2010, letter further explained that in order for her to consider collection alternatives petitioner had to provide: a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; signed income tax returns for the 2006, 2007, and 2008 tax years; and proof that all required estimated tax payments, presumably for the 2009 tax year, were made.

At the appointed time Officer Martin called petitioner for the CDP telephone hearing. Petitioner did not participate in the scheduled January 29, 2010, telephone hearing. Instead he sent Officer Martin a letter dated January 29, 2010, objecting that the date set did not give him enough time to prepare and

[*9] stating that he "had a prior engagement which could not be reschedule and * * * was unable to participate in the telephone conference". In the letter petitioner again asserted that he wanted a face-to-face collection due process hearing, did not receive a statutory notice of deficiency for 1991 through 1997, and would not be providing any information on the 2006, 2007, and 2008 tax years.

On February 23, 2010, Officer Martin mailed petitioner a followup letter expressing regret that petitioner was not available for the hearing and pointing out that petitioner had not, as the original letter requested, called before the telephone hearing to reschedule it if the set time was not convenient. That letter also noted petitioner's failure to comply with the requirements for collection alternatives eligibility, which would have made him eligible for a face-to-face hearing, including his failure to provide the requested information and file delinquent tax returns. Officer Martin then explained that

> Since you claim you never received the Statutory Notice of Deficiency and the assessments are based on substitute for returns because you do not voluntarily file a return I will give you an opportunity to file original returns for tax years 1991-1997 and 2004. Please provide full and complete documentation of all deductions which is required for an audit reconsideration

She gave petitioner until March 9, 2010, to respond and submit the delinquent income tax returns and any relevant information for her consideration. Officer

**[*10]** Martin explained that if petitioner did not respond by the deadline the letter would constitute a correspondence hearing and that she would be making her determination using the information in the file. Officer Martin included with this letter certified account transcripts for petitioner's years at issue, a certified March 28, 2002, mailing list reflecting the mailing of the notices of deficiency to petitioner, and copies of the statutory notices of deficiency for the 1991 through 1997 tax years.

Petitioner did not respond or provide Officer Martin with any of the requested information by March 9, 2010. Subsequently Officer Martin made her determination and prepared the case for closure. On March 23, 2010, respondent issued petitioner a notice of determination sustaining the levy and lien actions and noting petitioner was not eligible for any collection alternatives.

In petitioner's June 30, 2010, amended petition he stated that

Respondent failed to provide Petitioner with a face-to-face Collection Due Process (CDP) Hearing, which Petitioner specifically requested for. Respondent has failed to show that Respondent followed all proper procedures as required by law. Petitioner never received a Notice of Deficiency for the tax year 2004 and therefore was also not given the opportunity to challenge the underlying tax liability.

A trial was held on December 7, 2011, in Los Angeles, California.

**[\*11]**                                    OPINION

I.      Standard of Review

Section 6330(c)(2)(B) permits challenges to the existence or amount of the underlying liability in collection proceedings only where the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to challenge the liability.  If the validity of the underlying tax liability is not properly at issue, we will review the Commissioner's administrative determination for abuse of discretion.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  However, where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Id.

        A.      Administrative Record Rule

Under the Golsen rule, we follow the law of the Court of Appeals for the Ninth Circuit, to which this case, absent a stipulation to the contrary, is appealable. See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).  That court has limited the review of the administrative determination to the administrative record.  See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009) ("our review is confined to the record at the time the Commissioner's decision was rendered"), aff'g in part T.C. Memo. 2006-166.

**[\*12]** B.     Whether Petitioner Received the Notices of Deficiency

Petitioner asserts that he never had an opportunity to dispute his underlying tax liabilities.  He contends that he never received notices of deficiency for the periods at issue.  Respondent contends that the notices were properly mailed by certified mail to petitioner's last known address.

The presumption of official regularity and delivery arises if the record reflects that a notice of deficiency was properly mailed to the taxpayer.  Sego v. Commissioner, 114 T.C. 604, 611 (2000); see also United States v. Zolla, 724 F.2d 808 (9th Cir. 1984).  Proper mailing includes mailing by certified mail to the taxpayer's last known address.  Sego v. Commissioner, 114 T.C. at 611.  If the presumption applies, this Court may find that a taxpayer received the notice if he fails to rebut the presumption.  See Conn v. Commissioner, T.C. Memo. 2008-186.  Where the presumption of official regularity and delivery arises, receipt of the notice of deficiency will be presumed in the absence of strong evidence to the contrary.  See Sego v. Commissioner, 114 T.C. at 611.  A taxpayer's self-serving claim that he did not receive the notice of deficiency will generally be insufficient to rebut the presumption.  Our "determination of whether a taxpayer has received a notice of deficiency so as to preclude a challenge to the underlying tax liability under section 6330(c)(2)(B) is made 'On the preponderance of the evidence.'

**[\*13]** <u>Sego v. Commissioner</u>, 114 T.C. 604, 611 (2000); see also <u>Figler v. Commissioner</u>, T.C. Memo. 2005-230." <u>Casey v. Commissioner</u>, T.C. Memo. 2009-131.

Petitioner relies upon three cases: <u>Barnes v. Commissioner</u>, T.C. Memo. 2010-30, <u>Campbell v. Commissioner</u>, T.C. Memo. 2012-82, and <u>Conn v. Commissioner</u>, T.C. Memo. 2008-186. Petitioner argues that these three cases stand for the proposition that "<u>the receipt of a notice of deficiency, not its mailing is the relevant event</u>". We agree.

<u>Barnes</u> was before the Court on a motion for summary judgment. In that case the Court explained that "summary judgment is appropriate where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law." The taxpayer in <u>Barnes</u> had not yet been given an opportunity to testify at trial and, of particular importance, the notice of deficiency had been returned to the IRS. "Thus there * * * [was] no dispute that * * * [the taxpayer] did not actually receive the notice of deficiency." Under the specific facts of that case, because there was no evidence the taxpayer had refused delivery, the Court found that the taxpayer had not been given a prior opportunity to contest the underlying liability and remanded the case to Appeals.

**[\*14]** <u>Barnes</u> is significantly different from petitioner's case.  Here, the case is not before the Court on a motion for summary judgment, and the statutory notices of deficiency were never returned to respondent.  Additionally, in the case at hand petitioner was given an opportunity by Officer Martin to contest the underlying liability but chose not to do so.

Campbell is also significantly different from petitioner's case.  Campbell was likewise before the Court on a motion for summary judgment and again the statutory notice of deficiency had been returned to the Commissioner by the U.S. Postal Service.  Besides, unlike petitioner in the case at hand, the taxpayer in <u>Campbell</u> was never given an opportunity for audit reconsideration as a forum to contest the underlying liability.

Finally, in <u>Conn</u> the Court did discuss the fact that mailing alone can be insufficient under section 6330(c)(2)(B).  But in the very next paragraph the Court explained that if the statutory notice of deficiency was sent by certified mail the presumption of official regularity arises and if the taxpayer does not rebut the presumption the Court may find that the taxpayer did receive the notice of deficiency.

Respondent has shown that the notices of deficiency were mailed by certified mail to petitioner's last known mailing address, which is also his current

**[\*15]** mailing address. The notices of deficiency were not returned to respondent as undeliverable. Petitioner has regularly received mail from the IRS at that same address. Therefore, respondent is entitled to the presumption of official regularity.

Petitioner failed to rebut the presumption of official regularity, and we conclude that he received the notices of deficiency. Therefore petitioner is not entitled to challenge his underlying liabilities and we will review respondent's administrative determination for abuse of discretion.[3] See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.

## II.    Review for Abuse of Discretion

Section 6320(a) and (b) provides that a taxpayer shall be notified in writing by the Commissioner of the filing of a notice of Federal tax lien and provided with

---

[3]Petitioner was given the opportunity to contest the underlying liabilities in the CDP correspondence. Officer Martin explicitly informed petitioner that she would accept returns from him for the years at issue and would initiate an audit reconsideration. This was an opportunity to contest the underlying liabilities. Petitioner could have properly prepared his delinquent tax returns reflecting the amounts he believed he owed. Petitioner chose not to avail himself of this procedure.

Petitioner was again given the opportunity to provide tax returns for the 1991 through 1997 and 2004 tax years. This time respondent's counsel, after the filing of the petition in this case, offered to allow petitioner to file returns for the years at issue. Petitioner again chose not to prepare the returns and contest the underlying liabilities. Petitioner has had multiple opportunities to contest the underlying liabilities.

**[\*16]** an opportunity for an administrative hearing.  An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330.  Sec. 6320(c).

Section 6331(a) authorizes the Commissioner to levy upon property or property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after a notice and demand for payment is made.  Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to an unpaid tax liability only if the Commissioner has given written notice to the taxpayer 30 days before the levy.  Section 6330(a) requires the Commissioner to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the first levy is made.

If an administrative hearing is requested, the hearing is to be conducted by the Appeals Office.  Secs. 6320(b)(1), 6330(b)(1).  At the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met.  Secs. 6320(c), 6330(c)(1).  The taxpayer may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the proposed collection actions, and alternative means of collection.  Sec. 6330(c)(2)(A); see also Sego v. Commissioner, 114 T.C. at 609; Goza v.

[*17] <u>Commissioner</u>, 114 T.C. at 180. Taxpayers are expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing. Secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.

A. <u>Denial of a Face-to-Face Hearing</u>

Although a section 6330 hearing may consist of a face-to-face hearing, a proper hearing may also occur by telephone or by correspondence under certain circumstances. <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001); <u>Katz v. Commissioner</u>, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.

Petitioner never raised any nonfrivolous issue. He repeatedly demanded that Officer Martin explain the procedures or laws that were followed and argued that he did not have the opportunity to contest the underlying liabilities. However, petitioner never presented any evidence that the underlying liabilities were incorrect, nor did he suggest a collection alternative or submit any of the requested financial information or income tax returns and estimated tax payments for 2009. It was not an abuse of discretion for Officer Martin to deny petitioner a face-to-face hearing. <u>See e.g.</u>, <u>Seaver v. Commissioner</u>, T.C. Memo. 2012-55, slip op. at 6.

[*18] B.    Denial of Offer-in-Compromise

Among the issues that may be raised at Appeals are "offers of collection alternatives", such as offers-in-compromise and installment agreements.  Sec. 6330(c)(2)(A)(iii).  The Court reviews the Appeals officer's rejection of an offer-in-compromise or an installment agreement to decide whether the rejection was arbitrary, capricious, or without sound basis in fact or law and therefore an abuse of discretion.  Skrizowski v. Commissioner, T.C. Memo. 2004-229.

Even if petitioner's statement on his attachment to Form 12153 that he "would like to discuss what collection alternatives are available to me, to include, but not limited to Offer in Compromise, Installment Agreements, and any other payment arrangements that may be available to me" could be construed as an informal offer or an offer to make an offer-in-compromise or agree to an installment agreement, Officer Martin did not abuse her discretion in refusing to process an offer or an installment agreement.  Petitioner never suggested any collection alternatives and never even bothered to respond to Officer Martin's February 23, 2010, letter.  Petitioner did not file his 2006, 2007, and 2008 Federal income tax returns, file Form 433-A, or produce evidence of or make any estimated tax payments for 2009.  Petitioner did not qualify for a collection alternative.  See Internal Revenue Manual pt. 5.8.7.2.2.1(1)  (May 10, 2011) ("A processable offer

**[\*19]** must be returned when the investigation reveals the taxpayer has not remained in filing compliance."); see also Huntress v. Commissioner, T.C. Memo. 2009-161 (finding no abuse of discretion in the Appeals officer's rejection of collection alternatives where the taxpayer offered none and failed to provide financial information); Rodriguez v. Commissioner, T.C. Memo. 2003-153 ("The Commissioner's decision not to process an offer in compromise or a proposed collection alternative from taxpayers who have not filed all required tax returns is not an abuse of discretion.").

In making their determination Officer Martin and/or her supervisor, Appeals Team Manager Marlene M. Okajima, verified that all requirements of applicable law and administrative procedure had been met. Petitioner never offered a concrete collection alternative or raised any nonfrivolous issues and did not provide the requested Forms 433-A or any other financial information. Thus they did not abuse their discretion in acting as they did on respondent's behalf.

III.    Section 6673 Penalty

We believe petitioner's case to be appropriate for a section 6673 penalty. Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 on a taxpayer for instituting or maintaining proceedings primarily for  delay or in which the taxpayer's position is frivolous or groundless. A position "is

**[\*20]** 'frivolous' where it is 'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

Petitioner has been warned of the potential for a section 6673 penalty.  In the letter dated January 13, 2010, respondent informed petitioner that he had taken a "specified frivolous position" identified in IRS Notice 2008-14, 2008-4 I.R.B. 310, and warned him that if he continued to do so the Court might impose monetary sanctions of up to $25,000.  Petitioner is no stranger to the Tax Court.  In a previous case, where petitioner raised the same arguments as in this case, we stated: "Petitioner never raised any nonfrivolous issue." Klingenberg v. Commissioner, T.C. Memo. 2011-247.

We conclude that this case warrants the imposition of a section 6673 penalty and therefore impose a penalty of $3,000 to be paid to the United States.  We consider it an abuse of our process that "[t]axpayers with genuine controversies were delayed while we considered this case." Solomon v. Commissioner, T.C. Memo. 1993-509, aff'd without published opinion, 42 F.3d 1391 (7th Cir. 1994). Furthermore:

**[*21]** Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments. Both appellants say that the penalties stifle their right to petition for redress of grievances. But there is no constitutional right to bring frivolous suits, see Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). People who wish to express displeasure with taxes must choose other forums, and there are many available. * * * [Coleman v. Commissioner, 791 F.2d at 72.]

We are mindful that respondent, having received no help from petitioner, has computed the maximum tax which may be due for each of the eight years at issue here. Because the payment of this tax is now delinquent by up to 20 years, the accrued interest and additions to tax for failure to file returns or make estimated tax payments plus the tax now exceed $3 million. This amount respondent is unlikely to collect. Nevertheless, even though only a token amount, given petitioner's actions, a section 6673 penalty is appropriate here. We have, in accordance with our general first-time penalty imposition for other taxpayers, exercised restraint in penalizing petitioner under section 6673. However, if petitioner insists on continuing to waste the time of this Court when he cannot be bothered to voluntarily file his returns, we will be inclined to impose a significantly higher section 6673 penalty in the future.

**[*22]**  The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.